KAREN M. MORRILL (now Harris), Plaintiff
v.
GREGORY P. MORRILL, Defendant
No. COA05-691
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Rowan County No. 99 CVD 1394.
The Law Office of Randell F. Hastings, by Randell F. Hastings, for plaintiff-appellant.
Robert L. Inge for defendant-appellee.
HUNTER, Judge.
Karen M. Harris ("plaintiff") appeals from an order of the trial court denying her motion to modify an order of visitation and dismissing as moot a motion to modify custody filed by her former husband, Gregory P. Morrill ("defendant"). Plaintiff contends that several of the trial court's findings are unsupported by substantial evidence, and that these findings in turn do not support its order. For the reasons stated herein, we affirm the decision of the trial court.
Plaintiff and defendant were married on 3 February 1990 and separated on 4 May 1998. Two children were born of the marriage: Brittany, born 16 September 1991, and Ryan, born 1 April 1995. The parties entered into a consent judgment filed 6 April 2000 in which they agreed that plaintiff should have primary custody of the children, with general and specific visitation privileges for defendant. The consent judgment also provided that defendant should pay monthly child support in the amount of $625.00.
On 8 June 2004, plaintiff filed a motion to modify the existing consent judgment with respect to visitation. In her motion, plaintiff alleged that she had remarried and that her husband had obtained new employment as a pastor in Texas. As a result, plaintiff intended to relocate to Texas and to take the children with her. Plaintiff sought to modify the consent judgment with respect to visitation in order to accommodate the planned relocation.
Defendant filed a reply and counter-motion alleging that plaintiff's anticipated move to Texas would adversely affect his relationship with the children and would constitute a substantial change in circumstances warranting a change in custody. Defendant therefore requested that the trial court grant him custody of the children.
Plaintiff's and defendant's motions came before the trial court on 22 July 2004. After presentation of the evidence and arguments by counsel, the trial court found and concluded that the proposed relocation of the children would likely adversely affect their welfare, and that it was not in the best interests of the children to modify the existing visitation order. The trial court therefore denied plaintiff's motion to modify visitation and dismissed defendant's motion to modify custody as moot. Plaintiff appeals.
We note initially the proper standard of review for appeals from custody decisions. "In cases involving child custody, the trial court is vested with broad discretion." Browning v. Helff, 136 N.C. App. 420, 423, 524 S.E.2d 95, 97 (2000). Child custody determinations expressly include visitation rights. See id.; N.C. Gen. Stat. § 50A-102(3) (2005). The trial court's decision will not be upset on appeal absent a clear showing of abuse of discretion. Browning, 136 N.C. App. at 423, 524 S.E.2d at 97. "A trial court's findings of fact in a bench trial have the force of a jury verdict and are conclusive on appeal if there is evidence to support them." Id. at 423, 524 S.E.2d at 98. The trial court's conclusions of law are reviewable de novo, however. Id.
By her first assignment of error, plaintiff argues there was insufficient evidence to support Findings of Fact Numbers 24 and 25, which provide as follows:
24. It would be expensive to fly two (2) children and pay unaccompanied minor fees for trips to North Carolina.
25. The household incomes of the parties make it unlikely that the children could be flown to North Carolina from Texas several times a year for visits with their father.
Plaintiff contends there was insufficient evidence to support these findings. We do not agree.
Plaintiff submitted various quotes from airline carriers concerning fares for round-trip flights between several cities in North Carolina and several cities in Texas. The quoted pricesranged from $203.00 to $305.00 per ticket. In addition, several of the airline carriers required additional service fees if the children traveled alone. For example, the quoted price for the unaccompanied minor fee for US Airways ranged from $40.00 to $75.00 each way. Thus, at a minimum, the cost of flying the children round-trip between North Carolina and Texas was $406.00, with a maximum of $760.00. Although cost is always a relative matter, such evidence in the instant case supports the trial court's finding that it would be expensive to fly the children and pay unaccompanied minor fees for trips to North Carolina.
There was also sufficient evidence to support the trial court's finding that it was unlikely that the children could be flown to North Carolina from Texas several times a year for visits with their father. Plaintiff testified that the "package" offered to her husband at his new position in Texas was $75,000.00. According to exhibits, $36,500.00 of the package represented his actual base salary, with the remainder being amounts allotted for a housing allowance, insurance, and other benefits. Plaintiff's husband earned "a little over [$]60,000.00" per year prior to leaving his former employment. Plaintiff stated she currently earned approximately $36,000.00 per year, but that she had no plans to seek employment in Texas. Plaintiff agreed that the move to Texas would result in a net loss of income to the family. Moreover, plaintiff declined to pay for the children's trips back to North Carolina, testifying instead that she "would hope we could work that out." Plaintiff further objects to Finding of Fact Number 27, which states: "Should the children relocate to Texas, it is unlikely that a realistic visitation schedule can be arranged which will preserve and foster their great relationship with their father." Plaintiff argues this finding is unsupported by the evidence. However, plaintiff did not object to any of the following findings:
9. There is currently a successful custody-visitation arrangement in which both parents have substantial contact with said children.
. . .
11. The children are currently involved in and excel in sporting activities and both parents attend as many athletic events of the children as their schedules allow.
12. The children's father attends school open houses and Parent Teacher Organization meetings. . . .
13. Relocation to Texas would eliminate the ability of the children to have the defendant involved in their schooling and sporting events.
14. The defendant spends time each week with the children on Tuesdays and provides horseback riding lessons for Brittany.
. . .
16. Relocation to Texas would prevent the frequent contact enjoyed between the defendant and the children.
17. The children and the defendant have an excellent and loving relationship.
. . .
26. Plaintiff believes the children should not be away from her for more than a week at a time and is not willing for the children to spend their entire summer break in North Carolina with the defendant.
These findings, to which plaintiff did not object and are therefore conclusive, establish that defendant and the children currently have "an excellent and loving relationship" in which they enjoy weekly contact with one another. Defendant is involved in the children's school and sporting events. Relocation to Texas would prevent defendant from being involved in these events, and would prevent the frequent contact currently enjoyed between defendant and the children. Plaintiff would not agree to the children being away from her for more than one week at a time. Given these facts, the trial court had substantial evidence to support its Finding of Fact Number 27.
By her third assignment of error, plaintiff contends the trial court erred in concluding that the proposed relocation would likely adversely affect the welfare of the children. Plaintiff argues this conclusion is unsupported by the findings. We disagree.
In addition to the above-listed findings of fact concerning the detriment to defendant's relationship with his children should the relocation take place, the trial court also found that:
10. The children have lived in the same community all or nearly all their lives and are thriving in said community.
. . .
18. The children have only been to Texas one (1) time and do not know anyone in the community other than the people they met at church on one (1) occasion.
. . .
20. The children are excelling and thriving in their current situation.
Plaintiff did not object to these findings. "[I]t will be a rare case where the child will not be adversely affected when a relocation of the custodial parent and child requires substantial alteration of a successful custody-visitation arrangement in which both parents have substantial contact with the child." Ramirez-Barker v. Barker, 107 N.C. App. 71, 79, 418 S.E.2d 675, 680 (1992) (concluding there was sufficient evidence to support the trial court's findings that the proposed relocation of the mother and child to California would likely adversely affect the welfare of the child), overruled in part on other grounds, Pulliam v. Smith, 348 N.C. 616, 501 S.E.2d 898 (1998). Given the trial court's findings regarding the detrimental effect of the proposed move on the relationship between defendant and his children, which were supported by substantial evidence, along with the findings that the children are currently excelling and thriving, the trial court did not err in concluding that the proposed relocation would likely adversely affect the children.
Finally, plaintiff argues the trial court erred in concluding that it was not in the best interests of the children to modify the current order and in denying her motion to modify visitation. "In making the best interest decision, the trial court is vested with broad discretion and can be reversed only upon a showing of abuse of discretion." Id. at 79, 418 S.E.2d at 680. Plaintiff's contentions rely mainly on her previous arguments that there was insufficient evidence to support key findings of fact by the trial court. However, as previously stated, the trial court did not err in its findings or conclusions, and we therefore overrule plaintiff's final argument.
The order of the trial court is affirmed.
Affirmed.
Judges WYNN and JACKSON concur.
Report per Rule 30(e).